STATE OF MAINE

ANDROSCOGGIN, ss.

CENTRAL MAINE MEDICAL
CENTER,

Petitioner

v.

KEVIN CONCANNON, as
Commissioner of the Maine
Department of Human Services,

Respondent

and

MAINE MEDICAL CENTER and
MAINEGENERAL MEDICAL
CENTER,

Parties-in-Interest

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-16

SKS – AND – 9/25/2000
DONALD L. GARBRECHT
LAW LIBRARY

OCT 13 2000

DECISION AND ORDER

RECEIVED & FILED

SEP 2 6 2000
ANDROSCOGGIN
SUPERIOR COURT

This matter came on for hearing before the court on the petition of Central Maine Medical Center pursuant to 5 M.R.S.A. § 11001(2) for an order to require the Commissioner of the Maine Department of Human Services (Commissioner) (DHS) to issue his decision on CMMC's application for a Certificate of Need to establish a cardiac surgery center. The court granted the petitioner's accompanying motion for an expedited hearing and an abbreviated record has been provided. After reviewing the record and oral and written submissions of the parties, the court will grant the petition in part.

1

## Background

On May 27, 1999, CMMC filed with DHS its plan to establish a cardiac surgery unit in Lewiston and filed a Certificate of Need application as required under the Certificate of Need Statute (22 M.R.S.A. § 301 *et seq.*). On December 29, 1999, CMMC filed the actual application, which was deemed to be complete on February 11, 2000. The application was placed in the next available review cycle which was to begin March 1, 2000, with the following notation, "The application will be reviewed in depth during the assigned review cycle, to consist of 150 calendar days. The Commissioner of the Department of Human Services will make a determination regarding a Certificate of Need (CON) for this proposal not later than July 29, 2000, unless the review period is extended as a result of various alternative activities which may take place during the course of the review."

On June 14, 2000, CMMC filed extensive supplemental information, which caused DHS to announce that it would extend the review period by 30 days. CMMC acquiesced in this extension, as noted in an August 7, 2000 letter from its vice-president stating, "Based upon the tremendous interest and support for the CMMC cardiac program expressed by the communities of Central and Western Maine, we eagerly await the August 28, 2000 deadline for the review [of] this matter and the decision of the Commissioner." On August 24, 2000, the Department notified CMMC that the Department believed it necessary to seek additional information in the form of the final report of a Maine Cardiovascular Services Demand Needs Study which was anticipated for September 15, 2000. Such additional information

would form the basis for an additional 20 day externsion. 22 M.R.S.A. § 307 2-B (G). CMMC filed the present petition five days later.

## Analysis

As a preliminary matter, the court must consider CMMC's objection to the Commissioner's response to the petition which is captioned "Respondent's Motion to Dismiss" and which was accompanied by affidavits from the Commissioner and two members of the reviewing staff. The Superior Court has clear statutory jurisdiction to consider the petition and intervening events have not yet rendered the petition moot. Therefore, the motion to dismiss is denied. However, the court will consider the arguments set forth in the motion as arguments on the merits of the petition itself and will consider them along with the affidavits submitted. Since the present petition concerns only the timing of the Commissioner's decision - not the merits of the yet-to-be-made decision itself - the court concludes that consideration of the affidavits to augment the limited record is appropriate.

The key to the petition lies in the decision-making deadline set forth in 22 M.R.S.A. § 307. The actual deadline date depends upon when the next applicable review cycle commences and the review period initially selected depending upon the complexity of the application. This deadline can be extended for purposes set forth in the statute, but eventually a decision must be made. The statutory time limits are designed to prevent "bureaucratic delay". *Bradbury Memorial Nursing Home v. Tall Pines Manor*, 485 A.2d 634, 640-41 (Me. 1984). The Legislature was sensitive to the potential adverse effect which such bureaucratic delay or foot

dragging could have upon an application and specifically addressed the possibility with the statutory time lines.

After reviewing the limited record, the court sees no evidence of the bureaucratic delay or foot dragging that was the legislative concern. The Commissioner's decision date has been pushed back twice due to new information submitted by CMMC and to obtain additional information that DHS believes is important to the Commissioner's decision. There is no evidence that these extensions of the decision-making period have been motivated by anything other than a desire for informed and reasoned public policy decision-making. Nevertheless, no matter how good the intentions at DHS, the decision-making deadlines imposed by the Legislature must be honored.

The Department and parties-in-interest argue that the statutory deadlines are not mandatory but directory, citing *Bradbury, supra,* and *Magnetic Resonance v. Dep't. of Human Serv.*, 652 A.2d 655 (Me. 1995). They apparently would read these cases as standing for the proposition that the Commissioner <u>ought</u> to make his decision within the time limits, not that he <u>must</u> do so. The court does not agree. What the Law Court was stating in *Bradbury* and *Magnetic Resonance* was that a failure by the Commissioner to make his decision within the statutory guidelines would not automatically affect the status of the CON application. In other words, lack of a timely decision would not be considered tantamount either to an approval

4

or denial of the application.[1]  Instead, the remedy for such perceived delay would be application to the Superior Court for an order forcing the decision, which is precisely what CMMC has done.  Consequently, the court will enforce the statutory time limits.

The most recent extension of the decision date was to allow the parties to comment on the Needs Study before the Commissioner considers that information.  While fairness would indicate such period for comment, this is not among the reasons for extension set forth in the statute.  Therefore, the Commissioner is technically out of compliance at the present.  CMMC has asked the court to issue its order that the Commissioner make his decision within five days of the date of the court's order.  That date, using the method of counting days set forth in M. R. Civ. P. Rule 6, would be October 2, 2000. The Commissioner has reported that he expects to issue a final decision by October 1, 2000.  In light of the coincidence of these dates, it appears that no order to the Commissioner is necessary at the present time.  However, should the Commissioner not have made his decision by October 2, 2000, the court will immediately issue its order mandating a decision forthwith.

For the reasons stated above, the entry will be:

Petition GRANTED; an order mandating decision forthwith by the Commissioner to issue without the necessity of further hearing on

---

[1] Indeed, the Legislature at one time considered amending the statute specifically to provide that the application would be "deemed to be approved" in the event that a decision was not made within the 150-day period.  ( L.D. 572, 113th Legislature, 1985).  This provision did not survive in the finally enacted version of the L.D., P.L. 1985, ch. 443.

5

October 3, 2000, unless the court has received a copy of the Commissioner's decision either granting or denying the Certificate of Need by that date.

Dated: September 25, 2000

S. Kirk Studstrup
Justice, Superior Court

Michael R. Poulin for the Plaintiff

Jane Gregory, AAG - DHS

Joseph M. Kozak and Julius Ciembroniewicz
for MaineGeneral Medical Center

Robert S. Frank for Maine Medical Center